USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/15/2021_____

**Memorandum Endorsement**

<u>Ngambo v. Bank of America</u>, 20-civ-2221-NSR

A review of the docket in the above-captioned matter reveals that pro se Plaintiff Jules Ngambo has filed two motions without previously seeking leave from this Court to file such motions. (*See* ECF Nos. 13 & 14.)  The first, a motion to compel Defendant Bank of America to comply with discovery requests, should be directed to Magistrate Judge Judith C. McCarthy after this Court issues an Order of Reference referring this matter to Judge McCarthy for general pretrial purposes.  Accordingly, Plaintiff's motion to compel is DENIED without prejudice to renewing that motion after this Court issues its Order of Reference.

The second motion, a motion for summary judgment, is premature at this stage as discovery has not yet been completed.  Accordingly, Plaintiff's motion for summary judgment is DENIED without prejudice to Plaintiff renewing this motion after discovery is completed and only with leave of this Court.

The Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 13 and 14.  The Clerk of the Court is further directed to mail a copy of this Endorsement to Plaintiff at his address listed on ECF and to show proof of service on the docket.

Dated: June 15, 2021
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**United States District Court**
**Southern District of New York**

Jules Ngambo,                          )
Plaintiff                              )
                                       )
v.                                     ) Case number
                                       )    7:20-cv-02221-NSR
Bank of America,                       )
Defendant                              )

### MOTION TO COMPEL COMPLIANCE WITH DISCOVERY REQUESTS

Plaintiff Jules Ngambo moves this Honorable Court for an Order to Compel Compliance with Discovery, on grounds that the opposing Counsel is insulting the integrity of these proceedings by characterizing a request for plain statements of fact as legal opinions. The refusal to answer is interposed into these proceedings for the illicit purposes of harassment and delay.

Admissions are deemed admitted. The witnesses either know the facts or they don't. Therefore, they are deemed admitted if material and relevant.

On or about 10 March 2021 Plaintiff served Defendant with a Request for Admissions. A true and accurate copy is attached as Exhibit A.

On or about 10 March 2021 Plaintiff served Defendant with a Request for Production. A true and accurate copy is attached as Exhibit B.

On or about 09 April 2021 Plaintiff received Defendant Counsel response and objections to Plaintiff's Request for Admissions. A true and accurate copy is attached as Exhibit C.

Respectfully submitted this April 21, 2021 to this Honorable Court.

By: _____

Jules Ngambo
55 Ramapo Road, Unit 224
Garnerville, New York, 10923
917-512-1355
julesen@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on April 21, 2021 I mailed a copy of this motion by
first class mail to the following party at the address listed below:


Shan P. Massand, *Attorney for the Defendant*
McGuireWoods LLP
1251 Avenue of the Americas
Ste 20th Floor
New York, NY 10020-1104




Dated: April 21, 2021      By: _____

                               Jules Ngambo

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF NEW YORK

Jules Ngambo,                              )
                                           )
           Plaintiff,                      )
                                           )
v.                                         )
                                           )     Case No.  7:20-cv-02221-NSR
Bank of America                            )
                                           )
           Defendant.                      )

PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT BANK OF
AMERICA

To: Bank of America.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff submits the
following request for admissions to Defendant Bank of America. You are required to
answer each request for admissions separately and fully, in writing, under oath, and to serve
a copy of the responses upon the Plaintiffs within (30) days after service of these requests
for admissions.

INSTRUCTIONS

1. These requests for admissions are directed toward all information known or
available to Defendant Bank of America,  including information contained in the records
and documents in Bank of America's  custody or control or available to Bank of America
upon reasonable inquiry. Where requests for admissions cannot be answered in full, they
shall be answered as completely as possible and incomplete answers shall be accompanied
by a specification of the reasons for the incompleteness of the answer and of whatever
actual knowledge is possessed with respect to each unanswered or incompletely answered
request for admission.

2. Each request for admission is to be deemed a continuing one. If, after serving an
answer to any request for an admission, you obtain or become aware of any further

information pertaining to that request for admission, you are requested to serve a supplemental answer setting forth such information.

3. As to every request for an admission which you fail to answer in whole or in part, the subject matter of that admission will be deemed confessed and stipulated as fact to the office of court administration and CID internal of the United States Department of Justice.

## DEFINITIONS

a. "You" and "your" include Bank of America and any and all persons acting for or in concert with Bank of America.

b. "Document" includes every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulares, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

## REQUESTED FOR ADMISSIONS

First admission: Admit or deny that, in reporting credit information regarding the Plaintiff, Jules Ngambo or facsimile, you relied on information that you received from a third party.

Admitted _____

Denied _____

Second admission: Admit or deny that in alleging that the Plaintiff owed a debt you failed to provide the Plaintiff, Jules Ngambo, with notice and opportunity to correct information.

Admitted _____
Denied _____

Third admission: Admit or deny that your intention in completing a report was to inform third parties of my credit worthiness in a manner that could be damaging to me.
Admitted _____
Denied _____

Fourth admission: Admit or deny that the information that you put in any kind of a file maintained regarding Jules Ngambo, was misleading regarding any communication or procedure relative to 15 U.S.C. 1673, 15 U.S.C. 1681, 15 U.S.C. 1692.
Admitted _____
Denied _____

Fifth admission: Admit or deny that you failed to do a procedurally proper investigation, consistent with federal consumer protection law.
Admitted _____
Denied _____

Sixth admission: Admit or deny that you failed to respond to the Plaintiff's dispute.
Admitted _____
Denied _____

Prepared and submitted on March 10 , 2021 by:

Jules Ngambo

3

Certificate of mailing

I, Jules Ngambo, certify that on March ⎽⎽10⎽⎽, 2021, I emailed and mailed a true and correct

copy of the above and foregoing request for production of documents to: Shan P. Massand,

*Attorney for the Defendant*, McGuireWoods LLP, 1251 Avenue of the Americas, Ste 20th

Floor, New York, NY 10020-1104; Email: smassand@mcguirewoods.com

Jules Ngambo

4

# EXHIBIT B

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF NEW YORK

Jules Ngambo,      )
            )
   Plaintiff,     )
            )
v.           )
            )  Case No.   7:20-cv-02221-NSR
Bank of America     )
            )
   Defendant.    )

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT BANK OF AMERICA

To: Bank of America.

   Plaintiff, Jules Ngambo, submits the following request for production of documents to respondent Bank of America. The Plaintiff asks to be informed of the date, time, and place where the requested documents can be copied by him or his agent; or in the alternative, Bank of America. may furnish a copy of each requested document to be served upon the Plaintiff within (30) days after service of this request for production of documents.

INSTRUCTIONS

   1. This request for production of documents is directed toward all information known or available to Defendant Bank of America. including information contained in the records and documents in Bank of America's custody or control or available to Bank of America upon reasonable inquiry. **Where requested documents do not exist, please state that the document does not exist**.

   2. Each request for production of documents is to be deemed a continuing one. If, after serving any requested document, Bank of America obtains any further documentation pertaining to that request for production, Bank of America is requested to serve a supplemental answer setting forth copies of additional documents.

DEFINITIONS

a. Bank of America includes any and all persons acting for or in concert with Bank of America.

b. "Document" includes every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulares, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

REQUESTED DOCUMENTS

1. Please provide certified copies of any one and all documents which you claim are consistent with your duties arising under federal consumer protection law.
*Please be noticed that your failure to produce certified copies of documents will be deemed your confession that there were no documents compliant with consumer protection law.*
2. Please send me certified copies of all records in your possession with the Plaintiff's name or any facsimile in that document(s).
*Please be noticed that your failure to produce certified copies of documents will be deemed your confession that the requested documents do not exist in your possession.*
3. Provide me with a certified copy of any credit report relative to Jules Ngambo that purport to show a debt due and owing.
*Please be noticed that your failure to produce certified copies of documents will be deemed your confession that the requested documents do not exist in your possession.*
4. Please send certified copies of any communications in written form either from Jules Ngambo to the Defendant or from the Defendant to Jules Ngambo, or from some other party relating information to or from the Defendant.
*Please be noticed that your failure to produce certified copies of documents will*

*be deemed your confession that the requested documents do not exist in your possession.*

5. Please provide certified copies of all documents which you purport were a procedurally proper investigation into the Plaintiff's credit worthiness.
   *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

6. Please produce a certified copy of your response to the Plaintiff's dispute letter.
   *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

7. Please produce certified copies all material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Credit Reporting Act.
   *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

8. Please provide a certified copy of an organizational chart for the Defendant.
   *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

9. Please send me certified copies of any litigation filed and potential litigation against the Defendant alleging violations of the Fair Credit Reporting Act.
   *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

10. Please provide a list of all employees engaged in the handling of the Plaintiff's dispute, their positions and responsibilities, and contact information.
    *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

11. Please provide certified copies of any insurance policies covering the Defendant for violation of the Fair Credit Reporting Act.
    *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

12. Please provide certified copies of all operation manuals or similar documents, etc., utilized by the Defendant.
    *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

13. Please provide certified copies of all documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Credit Reporting Act.
    *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

14. Please provide certified copies of all documents relating to the Defendant's procedures to provide verification of the alleged debt.
    *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

15. Please provide certified copies of all documents relating to the Defendant's association with a consumer reporting agency.
    *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

16. Please provide certified copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.
    *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*
17. Please provide certified copies of all exhibits which Defendant proposes to introduce at trial.
    *Please be noticed that your failure to produce certified copies of documents is your confession that the requested documents do not exist.*

Prepared and submitted on March 10, 2021 by:

Jules Ngambo

## Certificate of mailing

I, Jules Ngambo, certify that on March 10, 2021, I emailed and mailed a true and correct

copy of the above and foregoing request for production of documents to: Shan P. Massand,

*Attorney for the Defendant*, McGuireWoods LLP, 1251 Avenue of the Americas, Ste 20th

Floor, New York, NY 10020-1104; Email: smassand@mcguirewoods.com

Jules Ngambo

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JULES NGAMBO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 7:20-cv-02221-NSR |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT**

COMES NOW Defendant BANK OF AMERICA, N.A., ("BANA"), incorrectly named in this action as "Bank of America," by and through its attorneys of record and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court, Southern District of New York, and hereby responds to Plaintiff's First Set of Requests for Admission to Defendant as follows.

**GENERAL OBJECTIONS**

BANA objects to each separate request for admission propounded by Plaintiff on the grounds set forth below. Each of these objections is incorporated into BANA's responses to each of the requests for admission regardless of whether any particular objections are made with respect to a specific request for admission.

1.      BANA objects to each request for admission to the extent it encompasses matters that are outside the intended scope of Fed. R. Civ. P. 36, which serves to "facilitate proof with respect to issues that cannot be eliminated for the case" and "to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36 Adv. Comm. Notes (1970).

2.      BANA objects to each request for admission to the extent it seeks a legal conclusion. *See, e.g.*, *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D. N.Y. 1973) ("Rule 36, by its express terms, embraces only requests for admissions of fact or the application of law to fact.").

3.      BANA objects to each request for admission to the extent any request focuses on resolving disputed facts regarding which investigation and discovery are incomplete. *See* 8B Charles Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2252 3d Ed. (2010).

4.      BANA responds to each discovery request based on BANA's understanding of the request. If Plaintiff subsequently asserts any interpretation of any request that differs from BANA's understanding, BANA reserves the right to modify, alter, amend, or supplement its response.

## <u>RESPONSES TO REQUESTS FOR ADMISSION</u>

1.      Admit or deny that, in reporting credit information regarding the Plaintiff, Jules Ngambo or facsimile, you relied on information that you received from a third party.

**ANSWER:**    BANA objects to this Request on the grounds that it calls for a legal conclusion.

**Without waiving this objection, BANA denies Request for Admission No. 1.**

2.      Admit or deny that in alleging that the Plaintiff owed a debt you failed to provide the Plaintiff, Jules Ngambo, with notice and opportunity to correct information.

**ANSWER:**    BANA objects to this Request on the grounds that it calls for a legal conclusion.

**Without waiving this objection, BANA denies Request for Admission No. 2.**

3.      Admit or deny that your intention in completing a report was to inform third parties of my credit worthiness in a manner that could be damaging to me.

**ANSWER:**    BANA objects to this Request on the grounds that it calls for a legal conclusion.

**Without waiving this objection, BANA denies Request for Admission No. 3.**

4.      Admit or deny that the information that you put in any kind of a file maintained regarding Jules Ngambo, was misleading regarding any communication or procedure relative to 15 U.S.C. 1673, 15 U.S.C. 1681, 15 U.S.C. 1692.

**ANSWER:**    BANA objects to this Request on the grounds that it calls for a legal conclusion.

**Without waiving this objection, BANA denies Request for Admission No. 4.**

5.      Admit or deny that you failed to do a procedurally proper investigation, consistent with federal consumer protection law.

**ANSWER:**    BANA objects to this Request on the grounds that it calls for a legal conclusion.

**Without waiving this objection, BANA denies Request for Admission No. 5.**

6.      Admit or deny that you failed to respond to the Plaintiff's dispute.

**ANSWER:**    BANA objects to this Request on the grounds that it calls for a legal conclusion.

**Without waiving this objection, BANA denies Request for Admission No. 6.**


Dated: New York, New York
           April 9, 2021

                                          _/s/ Shan Massand_____
                                          Shan P. Massand
                                          MCGUIREWOODS LLP
                                          1251 Avenue of the Americas, 20th Floor
                                          New York, New York 10020-1104
                                          Phone:  (212) 548-2100
                                          Fax:  (212) 548-2150
                                          smassand@mcguirewoods.com

                                          *Attorneys for Defendant Bank of America, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served

electronically on the following counsel of record on April 9, 2021:


Jules Ngambo
55 Ramapo Road, Unit 224
Garnerville, New York 10293
julesen@gmail.com




<u>*/s/ Shan Massand*</u>
Shan P. Massand
**MCGUIREWOODS LLP**

4

**United States District Court**
**Southern District of New York**

| | |
|---|---|
| Jules Ngambo,<br>Plaintiff<br><br>Vs.<br><br>Bank of America,<br>Defendant | )<br>)<br>)<br>) Case number<br>)   7:20-cv-02221-NSR<br>)<br>) |

**PLAINTIFF MOVES THIS COURT FOR SUMMARY JUDGMENT**

1. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Jules Ngambo moves this Honorable Court for Summary Judgment in Plaintiff's favor, on grounds that the Defendant has confessed every element of the Plaintiff's case.

2. The elements are: On or about January 16, 2020, the Plaintiff noticed the Defendant that the information that Defendant was reporting on the Plaintiff's credit report was erroneous and inaccurate and was disputed. Plaintiff did not receive a response from the Defendant, even after 30 days. Defendant continually updated the Plaintiff's credit report with this erroneous and inaccurate information since December 2019. Defendant failed to inform the National Credit Reporting Agencies that the alleged accounts were in dispute and failed to do so for over 30 days. The Defendant failed to do a procedurally proper investigation. As a result, the Plaintiff was damaged in fact to the reputation, character and credit worthiness of Jules Ngambo.

3. Judgment is warranted for and in favor of Plaintiff.

4. The damages amount to $1,350,000 plus all costs of this action along with punitive damages based on damage to the Plaintiff's credit score, credit report and reputation in the

amount of $150,000; or a greater or lesser amount as the Court should determine reasonable, lawful and just.

Respectfully submitted this June 14, 2021 to this Honorable Court.

By: _____

Jules Ngambo
55 Ramapo Road, Unit 224
Garnerville, New York, 10923
917-512-1355
julesen@gmail.com


## VERIFICATION

State of New York   }

County of Rockland  }


I, Jules Ngambo, do affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.


SWORN TO AND SUBSCRIBED BEFORE ME, _Jules Ngambo_, by Jules Ngambo, on the __14__ day of ___June___, 2021, which witnesses my hand and seal of office.

_____

NOTARY PUBLIC (IN) AND FOR

THE STATE OF NEW YORK

JODI P TAYLOR
NOTARY PUBLIC-STATE OF NEW YORK
NO. 01TA6338193
QUALIFIED IN ROCKLAND COUNTY
MY COMMISSION EXPIRES 03-07-2024

2

## CERTIFICATE OF SERVICE

I, Jules Ngambo, certify that on June 14, 2021 I mailed a true and correct copy of this motion by first class mail to the following party at the address listed below:

Shan P. Massand, *Attorney for the Defendant*
McGuireWoods LLP
1251 Avenue of the Americas
Ste 20th Floor
New York, NY 10020-1104

Dated: June 14, 2021      By: _____

                              Jules Ngambo