UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/8/2022__

JULES NGAMBO,

-against-

BANK OF AMERICA, N.A.,

                Defendant.

20 Civ. 02221 (NSR)
OPINION & ORDER

Nelson S. Román, United States District Court Judge:

    Plaintiff Jules Ngambo ("Plaintiff" or "Ngambo") commenced this action on or about March 10, 2020 against Defendant Bank of America, N.A. ("Defendant" or "BANA"), incorrectly sued as "Bank America," asserting multiple claims under the Fair Credit Reporting Act ("FCRA"). (Complaint, ECF No. 2.) Presently before the Court is Defendant's motion to dismiss the complaint and for judgment on the pleadings, respectively pursuant to Federal Rules of Civil Procedure 12(b) and (c).[1] (ECF No. 34.) For the following reasons, the motion is GRANTED.

## BACKGROUND

    The allegations in the complaint are deemed true for the purpose of resolving this motion.

    Plaintiff alleges that on or about January 16, 2020, he obtained a copy of his credit report which indicated that he had an outstanding debt owed to Defendant. Plaintiff denies "having any contractual agreement for credit, loans or services" with Defendant. After reviewing three reports from different consumer credit reporting entities, Plaintiff discovered that Defendant first began

---

[1] In its motion, Defendant alternatively moves for summary judgment and provides notice to *pro se* Plaintiff that the Court may treat the motion as one for summary judgment pursuant to Federal Rules of Civil Procedure §56.

1

listing the debt as of December 2019. Plaintiff contacted Defendant via mail regarding the "erroneous and inaccurate reporting" of a debt in his credit report. Plaintiff alleges that he waited thirty (30) days and did not receive a response from Defendant regarding his claim(s) of the lack of a debt. Despite Plaintiff's correspondence to Defendant, Defendant failed to investigate the matter and failed to notify the consumer reporting entities that the debt is disputed. Plaintiff's complaint purports to assert claims sounding in failure to report accurate information, failing to correct inaccurate information, and failing to investigate a dispute filed directly with a furnisher of information.

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994), *cert. denied*, 513 U.S. 816 (1994). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and requires a court to determine whether the facts alleged are sufficient to show that the plaintiff has a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).

To survive such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a complaint states a plausible claim for relief, a district court

must consider the context and "draw on its judicial experience and common sense." *Id.* at 679. In assessing whether this standard has been met, courts take "all factual allegations contained in the complaint" as true, *Twombly*, 550 U.S. at 572, and "draw all inferences in the light most favorable to the non-moving party []," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim. *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## DISCUSSION

Plaintiff's complaint purports to assert claims sounding in failure to report accurate information, failing to investigate, and failing to correct inaccurate information under the FCRA. The FCRA, 15 U.S.C. § 1681 *et seq.*, regulates credit reporting agencies and mandates them to adopt reasonable procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information. *See* 15 U.S.C. § 1681(b). The purpose of the statute is "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report. *Equifax Inc. v. F. T. C.*, 678 F.2d 1047, 1048 (11th Cir. 1982)

The FCRA imposes several responsibilities upon credit reporting agencies, including to refrain from knowingly reporting inaccurate information under 15 U.S.C. § 1681s–2(a)(1) and to correct any information they later discover to be inaccurate under 15 U.S.C. § 1681s–2(a)(2). *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012). The FCRA, 15 U.S.C. § 1681s–2(a), imposes upon the Federal Trade Commission, along with those identified pursuant to 15 U.S.C.A. § 1681s, with the duty to enforce the reporting inaccurate information. *Longman v.*

*Wachovia Bank, N.A.*, 702 F.3d at 151. The Second Circuit, along with several others, has long held that a reporting agency's failure to comply with the mandates of 15 U.S.C. § 1681s–2(a) does not create a private cause of action. *Id.*; *see also Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615–16 (6th Cir. 2012); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012); *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir.2011); *Chiang v. Verizon New Eng. Inc.,* 595 F.3d 26, 35 (1st Cir. 2010); *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008); *Nelson v. Chase Manhattan Mort. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Accordingly, Plaintiff's claim against Defendant for allegedly reporting an "erroneous and inaccurate" debt in his credit report must be dismissed.

The FCRA, similarly, imposes a duty to correct relevant information that is subsequently discovered to be inaccurate. *See* 15 U.S.C. § 1681s–2(b). Specifically, the statute requires a creditor, a furnisher of credit information, to conduct an investigation in response to a notice of dispute received from a credit reporting agency. The failure to investigate and to correct the disputed information pursuant to 15 U.S.C. § 1681s-2(b) creates a private cause of action. *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 276 (S.D.N.Y. 2020) *citing Matheson v. Ocwen Fed. Bank FSB*, 2008 WL 11413560, at *7 (E.D.N.Y. June 18, 2008).

To assert a 15 U.S.C. § 1681s-2(b) claim, a plaintiff must allege that he "notified the consumer credit reporting agencies of an inaccuracy," that the agency(s) "followed up with a notice of a dispute to [the creditor], and that [the creditor] failed to correct the inaccuracy." *See Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d at 276 (internal citations omitted). Here, Plaintiff fails to assert that he notified a credit reporting agency of an alleged inaccurate debt or report by a creditor which would have subsequently triggered the need for an investigation. Plaintiff's allegations assert that he wrote to Defendant, not a credit reporting agency, for the

purpose of providing notice of the disputed debt. Notice to the furnisher of the debt is not in keep with the statute. Moreover, Plaintiff's allegations of "erroneous and inaccurate reporting" are conclusory and lacking in any specificity. Accordingly, the remaining claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to Dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 34. The Clerk of Court is further directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

Plaintiff is granted until July 22, 2022 to file an amended complaint consistent with this opinion and order re-asserting only those claims which have been dismissed without prejudice. Failure to timely comply may result in the remaining claims being dismissed with prejudice.

This constitutes the Court's Opinion and Order.

Dated: June 8, 2022　　　　　　　　　　　　　　SO ORDERED:
White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge